■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v RED APPLE GROUP, INC., et al., Appellants, et al., Defendant. [722 NYS2d 495] —Order, Supreme Court, New York County (Barry Cozier, J.), entered June 13, 2000, which, in an action arising out of plaintiff insurer's issuance of retroactive property insurance covering a building leased by defendants, granted plaintiff's motion pursuant to CPLR 3211 (a) (7) to the extent of dismissing defendants' counterclaims and fifth, sixth, and seventh affirmative defenses, unanimously affirmed, with costs.

Plaintiff retroactively insured commercial real estate leased by defendants which, during the period of retroactive coverage, was damaged in a hurricane. The retroactive coverage was, accordingly, issued only upon defendants' execution of an indemnity provision pursuant to which defendants agreed to indemnify plaintiff for all claims arising out of loss at the leased location during the period of such coverage. A claim for loss attributable to the damage caused by the hurricane was made by H.E. Lockhart Management, Inc. (HELM), the owner of the premises, and although plaintiff and defendants initially presented a united front in defense of the claim, their interests diverged, and plaintiff, with defendants' knowledge, retained separate counsel and entered into settlement negotiations with HELM, in which defendants did not participate. These negotiations concluded with plaintiff agreeing to pay $2.7 million in satisfaction of HELM's claim. Defendants' central contention in their counterclaims and defenses to this action by plaintiff to obtain contractual indemnification for the $2.7 million paid out under the subject retroactive insurance policy, is that plaintiff was under some obligation to disclose the terms of its settlement with HELM to defendants prior to defendants' own settlement with HELM pursuant to which they surrendered their lease to the subject premises and abandoned claims against HELM for wrongful lease termination and tortious interference with defendants' contract to sell their lease.

To the extent that defendants' defenses and counterclaims were premised upon theories of breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty,

and fraud, they were properly dismissed. While defendants may defend against enforcement of the indemnity provision upon grounds that they were not afforded notice of the settlement and that the settlement was unreasonable (*see, Chase Manhattan Bank v 264 Water St. Assocs.*, 222 AD2d 229, 231), there is no basis for their counterclaim that the nondisclosure of the disputed settlement constituted a breach of contract. No provision in the indemnity agreement or insurance policy and related coverage documents required plaintiff to provide notice or to consult with defendants in connection with its settlement of HELM's claims and, contrary to defendants' arguments, such a provision may not be supplied by implication (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). Nor do defendants state any tenable claim for breach of plaintiff's implied obligation of good faith and fair dealing in performing the parties' contract since they have identified no conduct by plaintiff that deprived them of the benefit of their bargain (*cf., Dalton v Educational Testing Serv.*, 87 NY2d 384). Also insufficient were defendants' defenses and counterclaims premised on breach of fiduciary duty and fraud. It is plain that no fiduciary relationship arose out of the insurance contract here at issue, which, as alleged, was simply the product of an arm's length transaction between sophisticated commercial entities, not in any realistic way to reduce defendants' exposure to the already realized risk of property loss at the insured location, but to provide plaintiff with some basis to defend against HELM's claim that it had breached the provision of its lease with HELM requiring it to insure the leased premises. Absent a fiduciary relation between the parties, defendants state no claim for fraud predicated upon plaintiff's failure to disclose its settlement with HELM (*see, Auchincloss v Allen*, 211 AD2d 417).

We have reviewed defendants' remaining contentions and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.