■ Nora Kavner, Appellant, v Matthew Geller et al., Respondents. [854 NYS2d 343]—

Plaintiff does not allege any affirmative misstatement of material facts with the requisite particularity to support a claim for fraud in the inducement of the stipulation into which she entered with her former husband, defendant Geller (*see* CPLR 3016 [b]; *New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan*, 22 AD3d 391 [2005]; *J.A.O. Acquisition Corp. v Stavitsky*, 18 AD3d 389, 390-391 [2005]). Nor may plaintiff assert that she reasonably relied on defendants' silence or any misrepresentation regarding whether the CIBC defendants' job offer to Geller was contingent on plaintiff settling her dispute with him. She was an intelligent professional separately represented by counsel in the negotiations in this adversarial proceeding, and chose to forgo any discovery in the bankruptcy action, out of which arose the settlement of her claims seeking to enforce the divorce judgment (*see Kojovic v Goldman*, 35 AD3d 65, 69-70 [2006], *lv denied* 8 NY3d 804 [2007]; *see also Cosh v Cosh*, 45 AD3d 798 [2007]). Moreover, even if, arguendo, Geller had a duty to speak, CIBC clearly did not, as it was merely an adversary creditor in a bankruptcy proceeding, and owed plaintiff no fiduciary duty (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group*, 281 AD2d 296, 297 [2001]; *900 Unlimited v MCI Telecom. Corp.*, 215 AD2d 227 [1995]).

Furthermore, contrary to plaintiff's assertion, the record establishes that in Geller's motion to dismiss the bankruptcy proceeding, to which plaintiff was a party, he revealed that a pending disputed arbitration against himself and CIBC, which he had listed as a contingent liability, would not exist following the dismissal of the bankruptcy. This put plaintiff on notice that the arbitration had been disposed of insofar as Geller was concerned, yet plaintiff neither opposed the motion nor sought any discovery as to the status of the arbitration.

The unjust enrichment cause of action was properly dismissed inasmuch as the settlement between Geller and plaintiff is a valid and enforceable contract which controls the rights of the parties as they relate to the instant dispute (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]). Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.