■ LINDA PAOLINO, Appellant, v VINCENT PAOLINO, Respondent. [859 NYS2d 463]—

In an action, inter alia, to vacate a stipulation of settlement dated August 31, 2006, which was incorporated, but not merged,

into the parties' judgment of divorce dated December 12, 2006, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), entered November 21, 2007, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The parties entered into a stipulation of settlement of a divorce action that had been commenced by the plaintiff. Pursuant to the stipulation, the plaintiff waived her equitable claim to any of the defendant's specified business interests and, in exchange, received his interest in the marital residence and payment of the sum of $1,300,000. The stipulation expressly provided that the parties agreed to the distribution and agreed not to complete an evaluation of the business interest, notwithstanding that the plaintiff had retained valuation experts to place a value on the business interests of the defendant. The stipulation also contained provisions reciting that it was not the result of any fraud, duress, or undue influence, that the parties' respective counsel encouraged them to conduct the evaluation of the defendant's business interests, and that, having been advised of their right to complete discovery, conduct depositions, and have the business interests evaluated and appraised, the parties waived those rights.

A few months after the execution of the stipulation, a business in which the defendant had a 19% interest was sold. The plaintiff then commenced this action, inter alia, to vacate the stipulation, alleging that it had been procured by actual fraud, constructive fraud, and undue influence. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the Supreme Court granted the motion.

"On a CPLR 3211 motion to dismiss, the court will 'accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]" (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). Whether the plaintiff can ultimately establish the allegations is not part of the analysis (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). However, "bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (*Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021-1022 [2007]; *see also Parsippany Constr. Co., Inc. v Clark Patterson Assoc., P.C.*, 41 AD3d 805 [2007]).

Applying these principles here, the Supreme Court properly dismissed the complaint for failure to state a cause of action al-

leging actual fraud (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]), constructive fraud, or undue influence (*see* CPLR 3016 [b]; *Maas v Cornell Univ.*, 94 NY2d 87, 91 [1999]). The plaintiff's conclusory claim that the defendant concealed a sale or impending sale of his business is insufficient to state a cause of action warranting the relief requested (*see Kavner v Geller*, 49 AD3d 281 [2008]; *Cosh v Cosh*, 45 AD3d 798 [2007]; *Kojovic v Goldman*, 35 AD3d 65 [2006]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.