■ COMMANDER TERMINALS, LLC, et al., Appellants, v COMMANDER OIL CORPORATION et al., Respondents. [897 NYS2d 151]—

In an action, inter alia, to recover damages for breach of an employment agreement, breach of a noncompetition agreement, breach of fiduciary duty, and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered June 25, 2008, as denied those branches of their motion which were for summary judgment on the first through sixth, ninth through twelfth, and sixteenth causes of action, in effect, denied those branches of their motion which were for summary judgment dismissing the counterclaim and the first through sixth affirmative defenses asserted by the defendants estate of Harold D. Shapiro and Mark Shapiro and Karen Schwartz, as executors of the estate of Harold D. Shapiro, and granted those branches of the cross motion of those defendants and the separate cross motion of the defendant Commander Oil Corporation which were for summary judgment dismissing the eleventh and twelfth causes of action insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the plaintiffs' motion which was for summary judgment dismissing the first through sixth affirmative defenses asserted by the defendants estate of Harold D. Shapiro and Mark Shapiro and Karen Schwartz, as executors of the estate of Harold D. Shapiro, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On March 1, 2001, the plaintiff Commander Terminals, LLC (hereinafter Terminals), purchased from the defendant Commander Oil Corporation (hereinafter Commander Oil) an oil storage facility located in Oyster Bay, as well as certain "thru-put" agreements Commander Oil had with third parties. Terminals assigned its interest in the "thru-put" agreements to the plaintiff Commander Terminals Holdings, LLC (hereinafter Holdings). Holdings then entered into an employment agreement with Harold D. Shapiro (hereinafter Shapiro), who was to act as the vice-president of Terminals for a fixed period of three years. At that time, Shapiro was the president of Commander Oil, and a noncompetition agreement signed by him in conjunction with the employment agreement expressly stated that his continued management of Commander Oil's operations at other facilities would not violate the employment agreement, provided that he engaged in no acts or omissions adverse to Terminals.

Although the sale of the facility and the "thru-put" agree-

ments did not close until March 1, 2001, a contract of sale referable to that transaction was signed on June 7, 2000, and a rider to that contract included a provision acknowledging the existence of a certain environmental audit, prepared in connection with the property on which the facility was situated, which revealed specified contamination at the facility, and outlined steps necessary to remediate the contamination. That provision stated that the purchase price had been reduced as a result of crediting, to the purchaser, costs arising from Commander Oil's contribution to the environmental conditions described in the audit, and also in order to indemnify Commander Oil from liability for contributing to those conditions.

On June 29, 2000, the New York State Department of Environmental Conservation (hereinafter the NYSDEC) conducted an investigation at the Oyster Bay terminal and discovered significant petroleum seepage from the terminal into the adjacent waters of Oyster Bay and Whites Creek. The NYSDEC informed Commander Oil that certain remediation steps had to be taken to prevent further seepage, and required Commander Oil to submit a remediation proposal for review by a specified date. Commander Oil submitted the required remediation proposals to the NYSDEC, but did not disclose this issue to the plaintiffs. The plaintiffs became aware of the problem only after the closing of sale, at which time they were required by the NYSDEC to conduct costly remediation activities. Approximately one year after the closing of sale, Terminals' relationship with Shapiro had deteriorated to the point that Terminals terminated his employment.

Subsequently, the plaintiffs commenced this action alleging, among other things, that, during his employment with Terminals, Shapiro spent most of his time working on Commander Oil business, and had breached his fiduciary duty as well as the employment agreement with Terminals. The plaintiffs also alleged that Shapiro requested and received the sum of approximately $1,000 per month in order to lease an automobile, but that he later admitted that he had never leased any vehicle. The plaintiffs further alleged that Commander Oil had a duty to disclose the oil seepage but, instead, fraudulently concealed the problem.

The plaintiffs moved for summary judgment, inter alia, on the first through sixth, ninth, and tenth causes of action, all alleging breach of the employment agreement and/or breach of the noncompetition agreement; the eleventh cause of action, alleging breach of fiduciary duty; the twelfth and sixteenth causes of action, each alleging fraud; and dismissing the counterclaim

and the first through sixth affirmative defenses asserted by the defendants estate of Harold D. Shapiro and Mark Shapiro and Karen Schwartz, as executors of the estate of Harold D. Shapiro (hereinafter collectively the estate defendants). The estate defendants cross-moved, and Commander Oil separately cross-moved, inter alia, for summary judgment dismissing the eleventh, twelfth, and sixteenth causes of action insofar as asserted against each of them. The Supreme Court denied the plaintiffs' motion, and granted those branches of the defendants' cross motions, inter alia, which were for summary judgment dismissing the eleventh and twelfth causes of action insofar as asserted against each of them.

The Supreme Court properly determined that the plaintiffs failed to meet their burden of demonstrating entitlement to judgment as a matter of law on the sixteenth cause of action, alleging fraud based on the defendants' failure to disclose the oil seepage problem (cf. Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "New York adheres to the doctrine of caveat emptor and imposes no duty on the seller [for failing] to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller . . . which constitutes active concealment" (Jablonski v Rapalje, 14 AD3d 484, 485 [2005]; see Daly v Kochanowicz, 67 AD3d 78, 91-92 [2009]; Platzman v Morris, 283 AD2d 561, 562 [2001]; Glazer v LoPreste, 278 AD2d 198 [2000]; London v Courduff, 141 AD2d 803, 804 [1988]). Contrary to the plaintiffs' contention, they failed to prove that the defendants made a misrepresentation upon which the plaintiffs justifiably relied (cf. Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488 [2007]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Moreover, the Supreme Court properly determined that there were triable issues of fact as to whether, under the circumstances of this case, the oil seepage at issue was something peculiarly within the knowledge of Commander Oil, and was something the plaintiffs could not have discovered and did not discover through the exercise of reasonable diligence (see Richardson v United Funding, Inc., 16 AD3d 570, 571 [2005]).

The Supreme Court also properly awarded summary judgment to the defendants dismissing the eleventh cause of action alleging breach of fiduciary duty as duplicative of the breach of employment agreement causes of action (cf. Bullmore v Ernst & Young Cayman Is., 45 AD3d 461, 463 [2007]; Pergament v Roach, 41 AD3d 569, 572 [2007]). Contrary to the plaintiffs' contention, they failed to demonstrate their entitlement to judgment

as a matter of law on the causes of action alleging breach of the employment agreement and breach of the noncompetition agreement, and on the estate defendants' counterclaim alleging wrongful termination of employment. The assertions by two of Terminals' employees that Shapiro failed to conduct any "meaningful work" for Terminals, and instead spent "virtually all" of his time on the affairs of Commander Oil, were insufficient to prove, as a matter of law, that Shapiro breached the employment agreement. Moreover, the noncompetition agreement expressly permitted Shapiro to continue to manage Commander Oil's operations while simultaneously acting as Terminals' vice-president.

The twelfth cause of action, although described as a cause of action to recover damages for fraud, is premised upon an alleged breach of contract. Consequently, the Supreme Court properly awarded summary judgment to the defendants dismissing that cause of action (*see Krantz v Chateau Stores of Canada*, 256 AD2d 186 [1998]; *see also In re CINAR Corp. Sec. Litig.*, 186 F Supp 2d 279 [2002]), as the plaintiffs are, under the circumstances of this action, limited to asserting a cause of action sounding in breach of contract since the alleged fraud relates to a breach of contract (*see Biancone v Bossi*, 24 AD3d 582, 583 [2005]; *Rosen v Watermill Dev. Corp.*, 1 AD3d 424, 426 [2003]). Specifically, the misrepresentations alleged by the plaintiffs were not collateral to the provision of the employment agreement permitting Shapiro to lease the automobile, and the cause of action was dependent upon the existence of the employment agreement. Accordingly, the facts alleged in connection with Shapiro's use of the money allocated to the automobile lease did not support an independent cause of action alleging fraud (*see Americana Petroleum Corp. v Northville Indus. Corp.*, 200 AD2d 646, 647-648 [1994]).

Finally, the plaintiffs were entitled to summary judgment dismissing the first through sixth affirmative defenses asserted by the estate defendants. The estate defendants asserted in those affirmative defenses that Terminals owed certain money to Commander Oil for certain "thru-put" agreements. These assertions, even if true, would not defeat the plaintiffs' claims against the estate defendants (*cf. P.J.P. Mech. Corp. v Commerce & Indus. Ins. Co.*, 65 AD3d 195, 200 [2009]). Moreover, the estate defendants lacked standing to assert these claims, which belong to Commander Oil, which asserted them as counterclaims in its own answer to the amended complaint (*cf. Citibank v Plapinger*, 66 NY2d 90, 93 n [1985]; *Niles v New York Cent. & Hudson Riv. R.R. Co.*, 176 NY 119 [1903]). Mastro, J.P.,

Angiolillo, Balkin and Sgroi, JJ., concur. **[Prior Case History: 20 Misc 3d 1110(A), 2008 NY Slip Op 51298(U).]**