■ Margaret S. Derago, Respondent, v Wilson Ko, Appellant. [60 NYS3d 312]—

In an action for a judgment declaring that a stipulation of settlement is valid and enforceable and to recover damages for breach of contract, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Steinman, J.), dated April 16, 2015, as granted those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a) to dismiss his first, second, and third counterclaims and denied that branch of his cross motion which was for summary judgment dismissing the cause of action alleging breach of contract, and (2) from an order of the same court dated September 24, 2015, which granted the plaintiff's motion for summary judgment declaring that the stipulation of settlement is valid and enforceable.

Ordered that the order dated April 16, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 24, 2015, is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of a judgment, inter alia, declaring that the stipulation of settlement is valid and enforceable; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff and the defendant have a child together. In October 2012, they entered into a stipulation of settlement as to child support, which resolved a Family Court proceeding commenced by the plaintiff against the defendant in August 2012. In June 2014, the plaintiff commenced this action for a judgment declaring that the stipulation is valid and enforceable and to recover damages for breach of the stipulation. The defendant answered and asserted counterclaims alleging, inter alia, that the plaintiff had fraudulently induced him to enter into the stipulation and seeking damages and rescission of the stipulation. The plaintiff moved pursuant to CPLR 3211 (a) to dismiss the defendant's counterclaims, and the defendant cross-moved, inter alia, for summary judgment dismissing the breach of contract cause of action. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to dismiss the defendant's first, second, and third counterclaims, seeking damages for fraud and rescission of the stipulation, and denied that branch of the defendant's cross motion which was for summary judgment dismissing the breach of contract cause of action. The plaintiff subsequently moved for summary judgment on the cause of action for a judgment declaring that the stipulation is valid and enforceable. The court granted that motion. The defendant appeals.

Contrary to the defendant's contention, the Supreme Court

properly granted those branches of the plaintiff's motion which were to dismiss his first, second, and third counterclaims, which sought damages for fraud and rescission of the stipulation. The defendant alleged that the plaintiff misrepresented her income and her ability to earn, thus fraudulently inducing him to enter into the stipulation. Yet the defendant, who was represented by independent counsel, acknowledged in the stipulation that he was advised as to his entitlement to full disclosure of the plaintiff's financial condition and that he had made an "independent inquiry into the complete financial circumstances of" the plaintiff, vitiating any claim that he justifiably relied on any alleged misrepresentations as to the plaintiff's finances (see *Kavner v Geller*, 49 AD3d 281 [2008]; *Kojovic v Goldman*, 35 AD3d 65 [2006]; *DiSalvo v Graff*, 227 AD2d 298 [1996]; see also *Fermon v Fermon*, 135 AD3d 1045 [2016]). Moreover, the plaintiff also presented documentary evidence establishing that the defendant knew of the plaintiff's prior income and utterly refuted any allegation that the defendant was misled as to the plaintiff's income (see CPLR 3211 [a] [1]).

Further, while the defendant argues that the Supreme Court erred in denying that branch of his cross motion which was for summary judgment dismissing the breach of contract cause of action, he failed to submit sufficient evidence to establish, prima facie, that he did not breach the stipulation in the manner alleged by the plaintiff. Therefore, the court properly denied this branch of his cross motion regardless of the sufficiency of the plaintiff's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly granted the plaintiff's motion for summary judgment declaring that the stipulation is valid and enforceable. The plaintiff established, prima facie, that the stipulation is enforceable, and the defendant, in opposition, failed to raise a triable issue of fact as to the stipulation's enforceability (see *Doukas v Doukas*, 47 AD3d 753, 753-754 [2008]; *Lounsbury v Lounsbury*, 300 AD2d 812 [2002]; cf. *Bright v Freeman*, 24 AD3d 586 [2005]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of a judgment, inter alia, declaring that the stipulation is valid and enforceable (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.

---

Motion by the respondent to strike stated portions of the ap-

pellant's reply brief on appeals from two orders of the Supreme Court, Nassau County, dated April 16, 2015, and September 24, 2015, respectively, on the ground that they improperly raise issues for the first time in reply. Cross motion by the appellant for an award of costs and an attorney's fee. By decision and order on motion of this Court dated June 14, 2016, the motion and the cross motion were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion and the cross motion are denied.