In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated April 8, 2015, as granted those branches of the defendant’s motion which were for summary judgment dismissing the causes of action alleging breach of contract and fraud.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging breach of contract, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The defendant, Sanford Bernard, doing business as Label Marketing Consultants, entered into a contract with the plaintiff to procure leads for the plaintiff’s home improvement business. According to the terms of the contract, Label Marketing Consultants was to provide 40 “qualified leads” to the plaintiff per month. The contract further provided that the plaintiff was to pay the defendant a weekly draw of $3,000 as an advance against the 60% interest he was to have in profits generated from the contracts he, as Label Marketing Consultants, procured. After the defendant worked for the plaintiff for almost 10 months, the plaintiff terminated the contract.
 

 The plaintiff commenced this action alleging, inter alia, causes of action sounding in breach of contract and fraud. The defendant moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted those branches of the defendant’s motion which were for summary judgment dismissing the causes of action alleging breach of contract and fraud. The plaintiff appeals.
 

 The Supreme Court improperly granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging breach of contract. “The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff’s performance pursuant to the contract, the defendant’s breach of its contractual obligations, and damages resulting from the breach” (Rayham v Multiplan, Inc., 153 AD3d 865, 867 [2017]; see 143 Bergen St., LLC v Ruderman, 144 AD3d 1002, 1003 [2016]; Tudor Ins. Co. v Unithree Inv. Corp., 137 AD3d 1259, 1260 [2016]). Here, the defendant failed to meet his prima facie burden of demonstrating that he did not breach the contract in the manner alleged by the plaintiff. The evidence submitted by the defendant was not sufficient to establish that, as required pursuant to the terms of the contract, he provided 40 “qualified leads” to the plaintiff during each month that the contract was in force (see Derago v Ko, 153 AD3d 663, 665 [2017]). In light of the defendant’s failure to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract, we need not consider the sufficiency of the plaintiff’s opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 However, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the fraud cause of action, as that cause of action was duplicative of the breach of contract cause of action (see Commander Terms., LLC v Commander Oil Corp., 71 AD3d 623, 627 [2010]; Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1076-1077 [2007]; see also Chiarello v Rio, 101 AD3d 793, 796 [2012]).
 

 The parties’ remaining contentions are either without merit or, in light of our determination, need not be considered.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.