Perry v McMahan (2018 NY Slip Op 06282)





Perry v McMahan


2018 NY Slip Op 06282


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-01356
 (Index No. 14070/07)

[*1]Susie McMahan Perry, also known as Leslie Susan Perry, as personal representative of the estate of David Bruce McMahan, respondent, 
v
Elena McMahan, appellant.


Law Office of Yonatan S. Levoritz, P.C., Brooklyn, NY, for appellant.
Belowich & Walsh LLP, White Plains, NY (Brian T. Belowich and Kerry Ford Cunningham of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 31, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's counterclaims to recover damages for abuse of process and breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's decedent (hereinafter the plaintiff) and the defendant were married in 2002, and had two children. In January 2005, the plaintiff commenced an action for a divorce against the defendant. In March 2005, the parties entered into a settlement agreement, which obligated the parties not to publish information about their marriage. Remedies in the event of a material breach of that provision included (1) injunctive relief, (2) punitive damages, and (3) actual damages and all expenses, costs, and reasonable attorneys' fees incurred in any proceeding to enforce the confidentiality provision. The settlement agreement also included financial provisions, including a requirement that the plaintiff pay the defendant, upon request, the sum of $1,000,000 so she could purchase a new residence for herself, as her award of equitable distribution of property, and a waiver of other equitable distribution of property.
By letter dated January 26, 2007, the defendant requested distribution of the $1,000,000, stating that she was relocating to Brooklyn. In February 2007, the plaintiff moved to enjoin the defendant from moving to Brooklyn, and secured a temporary restraining order barring her from removing the parties' children from Westchester County. Apparently in retaliation, in or about June 2007 the defendant spoke to a reporter from the Village Voice about her marriage, claiming the plaintiff treated her badly. The information she provided was published in a story in the Village Voice.
In August 2007, the plaintiff commenced the instant action to recover compensatory and punitive damages from the defendant for breach of the confidentiality clause of the parties' [*2]settlement agreement, alleging that the defendant spoke to a reporter for the Village Voice. The plaintiff also sought damages for breach of fiduciary duty and intentional infliction of emotional distress. The defendant counterclaimed to recover damages for abuse of process, alleging that the plaintiff had made frivolous motions. The defendant also counterclaimed to recover damages for breach of contract, based on allegations, inter alia, that the plaintiff failed to pay the defendant the agreed-upon sum of $1,000,000, and hindered her ability to relocate within 90 miles from the marital residence, as permitted by the settlement agreement, insisting instead that she stay in Westchester County.
In November 2009, the defendant made an offer pursuant to CPLR 3220 to settle the instant action for the sum of $250,000. The plaintiff did not accept the offer.
By notice of motion dated January 22, 2015, the plaintiff moved for summary judgment on the issue of liability on his cause of action to recover damages for breach of the confidentiality clause of the parties' settlement agreement, and for summary judgment dismissing the defendant's counterclaims. In opposition, the defendant argued that the plaintiff breached the settlement agreement by failing to pay her the sum of $1,000,000 to purchase a new residence. In an order dated December 31, 2015, the Supreme Court, inter alia, granted those branches of the motion which were for summary judgment dismissing the defendant's counterclaims. The defendant appeals from that portion of the order.
The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the performance under the contract of the party seeking relief, the other party's breach, and resulting damages (see Detringo v South Is. Family Med, LLC, 158 AD3d 609; Weatherguard Contrs. Corp. v Bernard, 155 AD3d 921, 922). The damages may be actual or nominal in nature (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 143; Ross v Sherman, 95 AD3d 1100). In this case, we conclude that the defendant could not establish the elements of her counterclaim to recover damages for breach of contract since she admitted that she had breached the confidentiality provision of the settlement agreement.
With respect to the counterclaim sounding in abuse of process, the tort of abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective (see Curiano v Suozzi, 63 NY2d 113, 116). There must be an unlawful interference with person or property, which is not alleged here (see id. at 116; Williams v Williams, 23 NY2d 592, 596). Frivolous litigation requiring a party to expend legal fees is not a sufficient basis for a cause of action sounding in abuse of process (see Marks v Marks, 113 AD2d 744). Therefore, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment dismissing the abuse of process counterclaim.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.

2016-01356 DECISION & ORDER ON MOTION
Susie McMahan Perry, also known as Leslie Susan
Perry, as personal representative of the estate of David
Bruce McMahan, respondent, v Elena McMahan,
appellant.
(Index No. 14070/07)

Motion by the respondent, inter alia, to dismiss, in part, an appeal from an order of the Supreme Court, Westchester County, dated December 31, 2015, on the ground that it has been rendered academic. By decision and order on motion dated July 25, 2016, that branch of the motion [*3]which is to dismiss the appeal in part was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal in part is denied.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court