■ Trudy Ober, Respondent, v Henry R. Bey, Jr., et al., Appellants. [698 NYS2d 876] —In an action for the specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered September 9, 1998, as granted those branches of the plaintiff's motion which were for summary judgment and to direct the defendants to transfer ownership of the subject premises. The appeal brings up for review so much of an order of the same court, dated January 19, 1999, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order entered September 9, 1998, is dismissed, as that order was superseded by the order dated January 19, 1999, made upon reargument; and it is further,

Ordered that the order dated January 19, 1999, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff commenced the instant action seeking specific performance of a contract concerning the sale of a parcel of real property located in East Rockaway, New York. The defendants, contending that the plaintiff did not specifically comply with the contractual requirement to obtain a mortgage, refused to attend the closing.

Before specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that he or she was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date

fixed by the parties or within a reasonable time thereafter (*see, Goller Place Corp. v Cacase,* 251 AD2d 287). The plaintiff was entitled to summary judgment as a matter of law since she demonstrated that she was ready, willing, and able to close the sale (*see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.