■ TODD JOHNSON et al., Respondents, v LAWRENCE PHELAN et al., Appellants. [721 NYS2d 378] —In an action for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated March 16, 2000, which denied their motion for summary judgment dismissing the complaint and on their counterclaims, and granted the plaintiffs' cross motion

for summary judgment on the complaint and, in effect, to dismiss the counterclaims.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is dismissed, the notice of pendency is vacated, and the matter is remitted to the Supreme Court, Orange County, for entry of an appropriate judgment.

The Supreme Court erred in concluding that the plaintiff purchasers were entitled to specific performance of the installment contract in this case. Before specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that it substantially performed its contractual obligations and that it is ready, willing, and able to satisfy those obligations not yet performed, regardless of any alleged anticipatory breach by the defendant (*see, Bowen v Horgan,* 259 NY 267, 269; *Petrelli Assocs. v Germano,* 268 AD2d 513). It is undisputed that the purchasers defaulted in making the annual installment payments required under the contract. The purchasers' failure to do so constituted a material breach of the agreement precluding them from obtaining specific performance (*see, Grace v Nappa,* 46 NY2d 560, 567; *Hooker v Wooten,* 237 AD2d 572). The purchasers also failed to demonstrate that they were ready, willing, and able to perform and had the funds necessary to purchase the property (*see, Petrelli Assocs. v Germano, supra*; *Ober v Bey,* 266 AD2d 441; *Goller Place Corp. v Cacase,* 251 AD2d 287). Accordingly, the defendants were entitled to summary judgment dismissing the complaint.

Under the circumstance of this case, the Supreme Court also erred in denying summary judgment to the defendants on their counterclaims for ejectment and a declaration that the installment contract was null and void (*cf., Heritage Art Galleries v Raia,* 173 AD2d 441, 442; *Bean v Walker,* 95 AD2d 70). Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.