■ JOANNA FERRONE, Appellant, v THOMAS P. TUPPER, Defendant, and BITTERSWEET, INC., et al., Respondents. [760 NYS2d 504] —In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated January 8, 2002, as granted that branch of the motion of the defendants Bittersweet, Inc., John C. Tupper, Elizabeth T. Benz, and Mary T. Breithaupt which was for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Before specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that he or she was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter (*see Goller Place Corp. v Cacase,* 251 AD2d 287 [1998]). Here, the documentation submitted by the plaintiff did not substantiate her assertion that she was able to close the sale, nor was she willing to honor the balance of the purchase price due under the contract. Thus, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's cross motion for summary judgment, as she did not demonstrate that she was ready, willing, and able to close the sale (*see Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998 [1983]).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.