■ INTERNET HOMES, INC., Appellant, v JOSEPH VITULLI et al., Respondents. [778 NYS2d 534]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated January 27, 2003, as granted the motion of the defendant Joseph Vitulli as executor of the estate of Giacomina Vitulli, also known as Giacoma Vitulli, for summary judgment dismissing the complaint insofar as asserted against him, searched the record and granted summary judgment dismissing the complaint insofar as asserted against the defendant coexecutor Lucy Vitulli Antonacci, and denied that branch of its cross motion which was for summary judgment in its favor.

Ordered that the order is affirmed insofar as appealed from, with costs.

Before specific performance of a contract for the sale of real property may be granted, a buyer must demonstrate that it was ready, willing, and able to perform (*see Nuzzi Family Ltd. Liab. Co. v Nature Conservancy*, 304 AD2d 631, 632 [2003]). Here, even assuming that the defendants improperly cancelled the contract, the plaintiff still bore the burden to show that it had the financial capacity to purchase the property (*see Johnson v Phelan*, 281 AD2d 394, 395 [2001]; *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1022 [1991]; *3M Holding Corp. v Wagner*, 166 AD2d 580, 581-582 [1990]). The plaintiff's unsubstantiated assertions that a line of credit could be secured or that a closely-related corporation would supply the funds and the conclusory allegation that it was ready, willing, and able to perform were insufficient to satisfy its burden (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Ferrone v Tupper*, 304 AD2d 524, 525 [2003]; *Goller Place Corp. v Cacase*, 251 AD2d 287, 288 [1998]; *Madison Invs. v Cohoes Assoc., supra*; *Zev v Merman*, 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]).

Thus, the Supreme Court properly granted the motion of the defendant Joseph Vitulli for summary judgment dismissing the complaint insofar as asserted against him, and denied that branch of the plaintiff's cross motion which was for summary judgment, as it did not demonstrate that it was ready, willing, and able to close the sale.

Based on the absence of a valid cause of action, the Supreme Court properly searched the record and granted summary judgment dismissing the complaint insofar as asserted against the nonmoving defendant Lucy Vitulli Antonacci (*see* CPLR 3212

[b]; *Fappiano v City of New York*, 5 AD3d 627 [2004]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]; *cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]).

The plaintiff's remaining contention is without merit. Florio, J.P., Schmidt, Crane and Rivera, JJ., concur.