■ DORA FRIDMAN et al., Plaintiffs, v STANISLAV KUCHER et al., Defendants. MIKHAIL ONTMAN, Plaintiff, v DORA FRIDMAN,

Defendant. OLEG KRASNYTSKY, Respondent, v MIKHAIL ONTMAN et al., Defendants, and STANISLAV KUCHER et al., Appellants. [826 NYS2d 104]—

In a consolidated action, inter alia, for specific performance of a contract for the sale of real property, Stanislav Kucher and Vladmir Ontman appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated July 18, 2005, which granted the cross motion of Oleg Krasnytsky for summary judgment on his cause of action for specific performance.

Ordered that the order is reversed, on the law, with costs, and the cross motion for summary judgment is denied.

Dora Fridman and Mikhail Ontman each had a 50% interest in certain real property. They entered into a contract to sell their interests to Oleg Krasnytsky (hereinafter the purchaser), which had a closing date "on or about" November 15, 2004. When that closing date passed, Ontman scheduled a closing for December 17, 2004 and notified the purchaser that "time is of the essence." However, by letter dated December 16, 2004, Ontman's attorney stated that Ontman considered "[t]his transaction" to be "terminated," that Ontman had "no further interest to pursue any offers from or negotiations" with the purchaser, and that Ontman authorized his attorney to return the down payment. By letter dated January 12, 2005 the purchaser's attorney scheduled a closing for February 1, 2005 also stating that "time is . . . of the essence." On February 1, 2005, instead of conveying his interest in the property to the purchaser, Ontman conveyed his 50% interest in the property to the appellants, his son and the owner of a business adjacent to the property. Subsequently, the purchaser commenced this action for specific performance of the contract of sale against, among others, Ontman and the appellants. After Fridman made a motion unrelated to this appeal, the purchaser cross-moved for summary judgment on his cause of action for specific performance. The Supreme Court granted the cross motion.

Ontman anticipatorily breached the contract (*see Coney Is. Exhaust v Mobil Oil Corp.*, 304 AD2d 706 [2003]). However, the purchaser failed to establish his prima facie entitlement to judgment as a matter of law on his cause of action for specific performance of the real estate contract. A purchaser who seeks specific performance of a contract for the sale of real property must demonstrate that he or she was ready, willing, and able to perform the contract, regardless of any anticipatory breach by a seller (*see Tsabari v Haye*, 13 AD3d 360 [2004]; *Internet Homes,*

*Inc. v Vitulli*, 8 AD3d 438 [2004]). Here, while the purchaser submitted evidence establishing that he was financially able to perform on a subsequent "time of the essence" closing date set by his real estate attorney, he did not do so for the December 17, 2004 closing (*see Ferrone v Tupper*, 304 AD2d 524 [2003]). When a purchaser submits no documentation or other proof to substantiate that it had the funds necessary to purchase the property, it cannot prove, as a matter of law, that it was ready, willing, and able to close (*see Provost v Off Campus Apts. Co., II*, 211 AD2d 850, 851 [1995]). Accordingly, the Supreme Court should have denied the purchaser's cross motion for summary judgment on his cause of action for specific performance.

The parties' remaining contentions either are without merit or need not be reached in light of the foregoing. Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur. [*See* 8 Misc 3d 1017(A), 2005 NY Slip Op 51134(U).]