■ ROBERT J. DIXON, Respondent, v WALDY MALOUF, Appellant. [894 NYS2d 127]—

In an action, inter alia, for specific performance of a contract for the sale of an interest in a limited liability company, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered September 29, 2008, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance is denied.

The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance. A party who seeks specific performance must prove that he or she has substantially performed his or her contractual obligations and that he or she is ready, willing, and able to perform those obligations not yet performed (*see Israel v Charnews*, 46 AD3d 753, 754 [2007]; *Johnson v Phelan*, 281 AD2d 394, 395 [2001]). "An anticipatory breach by the party from whom specific performance is sought excuses the party seeking specific performance from tendering performance, but not from the requirement that the party seeking specific performance establish that he or she was ready, will-

ing, and able to perform" (*Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]; *see Fridman v Kucher*, 34 AD3d 726, 727 [2006]).

Here, the plaintiff failed to make a prima facie showing that he was ready, willing, and able to perform his obligations in connection with the purchase of the defendant's interest in the subject limited liability company (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence submitted by the plaintiff failed to establish the absence of triable issues of fact regarding, among other things, whether he had the funds necessary to purchase the defendant's interest (*see Johnson v Phelan*, 281 AD2d at 395). Although the plaintiff proffered an affirmation from his attorney indicating that such funds had been deposited into his attorney's escrow account by October 29, 2007, he also proffered correspondence from the defendant's attorney indicating that the plaintiff did not have such funds by that date. Moreover, the correspondence from the defendant's attorney indicated that the plaintiff had not obtained documentation necessary for the closing as of November 9, 2007. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In light of this determination, we need not examine the sufficiency of the defendant's opposition papers (*id.*; *see Rapps v City of New York*, 54 AD3d 923, 924 [2008]).

In light of the foregoing, we need not reach the defendant's remaining contentions. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.