■ BLACKBERRY HILL VILLAGE CONDOMINIUM IV et al., Respondents, v BLACKBERRY HILL VILLAGE CONDOMINIUM I et al., Appellants. [898 NYS2d 61]—

In an action, inter alia, for a judgment declaring that the parties' offering plans and declarations require the cost of maintenance and repair of the entirety of Village Drive to be shared by the parties in such proportions as are set forth in the offering plans and declarations, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 31, 2009, as granted that branch of the plaintiffs' motion which was for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the complaint is denied.

The Blackberry Hill Village Condominiums are located in the Town of Southeast and are comprised of four phases designated as Blackberry Hill Village Condominium I (hereinafter Condo

I), Blackberry Hill Village Condominium II (hereinafter Condo II), Blackberry Hill Village Condominium III (hereinafter Condo III) and Blackberry Hill Village Condominium IV (hereinafter Condo IV). Each phase is an unincorporated association formed in or around the late 1970s, established by declaration pursuant to Real Property Law article 9-B and governed by its own Board of Managers. A Road Committee exists to administer the maintenance of the "main access road" and consists of one member designated by each Board of Managers. As set forth in the Declarations, the costs for the repair and maintenance of the main access road, also known as Village Drive, are shared by the owners and occupants of each phase in such proportion as the number of units in each phase bears to the total number of units in the complex.

In April 2000 the President of Condo IV's Board of Managers advised the Road Committee that the "Condo IV roadway" needed to be resurfaced, and that while Condo IV would pay the initial cost of the work, Condos I, II, and III were expected to reimburse Condo IV for their proportionate shares. On May 11, 2000, the Road Committee responded that the roadway which Condo IV was resurfacing was not eligible for the cost-sharing provisions applicable to the main access road. Thereafter, Condo IV paid almost $11,000 to resurface the Condo IV roadway, which is located wholly on the property of Condo IV.

In May 2006 Condo IV, by its President and Board of Managers, commenced this action against Condos I, II, and III, seeking, inter alia, a judgment declaring that the Offering Plan and Declaration of each Condominium requires that the cost of maintenance and repair of the entirety of Village Drive be proportionately shared by all four Condominiums. The defendants appeal from so much of the Supreme Court's order as granted that branch of the plaintiffs' motion which was for summary judgment on the complaint. We reverse.

In support of their motion, the plaintiffs failed to make a prima facie showing that they were entitled to a declaration that the offering plans and declarations of Condominiums I, II, III, and IV require that the cost of maintenance and repair of the entirety of Village Drive be proportionately shared by all four Condominiums (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Superior Fid. Assur., Ltd. v Schwartz, 69 AD3d 924 [2010]). In light of the plaintiffs' failure to make a prima facie showing, we need not examine the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Dixon v Malouf, 70 AD3d 763 [2010]). Accordingly, the Supreme Court should have denied

that branch of the plaintiffs' motion which was for summary judgment on the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.