Kaygreen Realty Co., LLC, Respondent, v IG Second Generation Partners, L.P., et al., Appellants. (Matter No. 1.) Kaygreen Realty Co., LLC, Respondent, v IG Second Generation Partners, L.P., et al., Appellants. (Matter No. 2.) In the Matter of IG Second Generation Partners, L.P., et al., Appellants, v Kaygreen Realty Co., LLC, Respondent. (Matter No. 3.) [912 NYS2d 246]—

In two related actions and a related proceeding which were joined for trial, inter alia, for a judgment declaring that Kaygreen Realty Co., LLC, the plaintiff in matters Nos. 1 and 2 and the respondent in matter No. 3, properly exercised its option to purchase certain property as set forth in a lease between the parties, and specific performance of certain provisions in the lease pertaining to the option to purchase, and IG Second Generation Partners, L.P., and I BLDG Co., Inc., the defendants in matters Nos. 1 and 2 and the petitioners in matter No. 3, appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated April 9, 2010, which denied their motion, inter alia, for summary judgment on their cause of action in matter No. 3 for possession of the premises and granted the cross motion of Kaygreen Realty, LLC, for summary judgment dismissing the petition in matter No. 3, and granted the separate cross motion of Kaygreen Realty, LLC, inter alia, for summary judgment on its causes of action in matter Nos. 1 and 2 for a judgment declaring that it had properly exercised its option to purchase and for specific performance of the subject provisions in the lease.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of Kaygreen Realty, LLC, which was for summary judgment on its causes of action in matters Nos. 1 and 2 for specific performance of the appraisal process to set the purchase price for the premises set forth in the subject lease and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to Kaygreen Realty, LLC.

Kaygreen Realty, LLC (hereinafter Kaygreen), and the IG Second Generation Partners, L.P., and I BLDG Co., Inc. (hereinafter the Landlords), are the successors-in-interest to the tenant and landlord respectively, under a lease dated February 11, 1948, and entered into between R.H. Macy & Co., Inc., as landlord, and Jamkay Realty Corp., as tenant, as amended by a supplemental indenture dated January 1, 1979 (hereinafter the Lease).

By notice and demand dated March 13, 2003, and notice of default dated April 4, 2003, the Landlords advised Kaygreen that it was in default of the Lease. Thereafter, Kaygreen commenced an action (hereinafter the 2003 Default Action) seeking a judgment declaring that it was not in default of the Lease. After a trial, the Supreme Court determined that Kaygreen was not in default of the Lease as claimed by the Landlords in the notice and demand and notice of default. By decision and order dated December 15, 2009, this Court affirmed the judgment (*see Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933, 934-935 [2009]).

In June 2006, while the 2003 Default Action was pending, the Landlords declined to extend the Lease beyond December 31, 2008, which triggered Kaygreen's option to purchase the subject property. In December 2006 Kaygreen exercised its option to purchase the subject property. The Landlords, however, claimed that the option was not properly exercised since Kaygreen was in default of various terms of the Lease. As a result, in February 2007, Kaygreen commenced matter No. 1 (hereinafter the 2007 Purchase Option Action) seeking, inter alia, a judgment declaring that it had properly exercised its option to purchase the subject property and specific performance of those provisions of the Lease pertaining to the option. By notice of default dated February 15, 2008, the Landlords advised Kaygreen that it was and continued to be in substantial default. Thereafter, Kaygreen commenced matter No. 2 (hereinafter the 2008 Default Action) seeking a judgment declaring that it was not in default of the Lease as alleged in the notice of default dated February 15, 2008. After the Lease expired on December 31, 2008, the Landlords commenced a summary holdover proceeding, matter No. 3 (hereinafter the Holdover Proceeding), against Kaygreen.

By order dated June 17, 2009, the Supreme Court granted Kaygreen's motion to remove the Holdover Proceeding from Civil Court and to join it for trial with the 2007 Purchase Option Action and the 2008 Default Action. Subsequently, the Landlords moved for summary judgment on their cause of action for possession of the subject property in the Holdover Proceeding and Kaygreen cross-moved for summary judgment dismissing the Holdover Proceeding. In the 2007 Purchase Option Action and the 2008 Default Action, Kaygreen also cross-moved for summary judgment on its causes of action for a judgment declaring that it had properly exercised its option to purchase the subject property, that there were no existing defaults barring it from exercising the option, and for specific

performance of those provisions of the Lease pertaining to its option to purchase. By order dated April 9, 2010, the Supreme Court denied the Landlords' motion and granted Kaygreen's cross motions. The Landlords appeal.

Contrary to the Landlords' contentions, Kaygreen demonstrated its prima facie entitlement to judgment as a matter of law on its causes of action in the 2007 Purchase Option Action and the 2008 Default Action for a judgment declaring that it had properly exercised its option to purchase. However, the Supreme Court erred in granting those branches of Kaygreen's cross motion on those causes of action on the ground of res judicata based upon the judgment in the 2003 Default Action. "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Goldstein v Massachusetts Mut. Life Ins. Co.*, 32 AD3d 821 [2006]; *see Matter of Hunter*, 4 NY3d 260, 269 [2005]). "[What] constitutes a 'transaction' or [a] series of transactions depends on how 'the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether . . . their treatment as a unit conforms to the parties' expectations or business understanding or usage" (*Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]).

The 2003 Default Action was limited to the alleged defaults in an April 2003 notice, and the issues in that action were whether Kaygreen was in default (1) of its insurance obligations under article X of the Lease, (2) of its maintenance obligations under articles III and VIII of the Lease by failing to cure or remedy certain violations and conditions set forth on schedule A annexed to the notice, (3) by failing to defend the Landlords in two personal injury actions, and (4) by committing waste in violation of articles VIII and IX by dismantling an elevator on the premises. After trial, Kaygreen was awarded a judgment, which was affirmed by this Court, declaring that it was not in default of the Lease as alleged in the April 2003 notice.

The 2003 notice also alleged, inter alia, that Kaygreen was in default for failing to cure the defaults in the April 2003 notice. However, the 2006 and 2008 notices alleged that Kaygreen was in default due to deficient conditions on the premises not included in the April 2003 notice and of its obligations to pay additional rent, interest, and an attorney's fee. As the issues raised in the 2003 Default Action were not identical but were contingent upon different facts and related to different obliga-

tions under the Lease, the Landlords are not precluded from raising the alleged defaults as defenses in the instant actions (*see Coliseum Towers Assoc. v County of Nassau*, 217 AD2d 387, 391-392 [1996]; *Jefferson Towers v Public Serv. Mut. Ins. Co.*, 195 AD2d 311, 313 [1993]).

Kaygreen demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it complied with the terms and conditions of the exercise of the option in accordance with the Lease. In order to validly exercise an option to purchase real property, the optionee must strictly adhere to the terms and conditions of the option agreement (*see Kaplan v Lippman*, 75 NY2d 320, 325 [1990]; *Meccariello v Di Pasquale*, 35 AD3d 678, 679 [2006]; *Parker v Booker*, 33 AD3d 602, 602-603 [2006]; *Raanan v Tom's Triangle*, 303 AD2d 668, 669 [2003]). Pursuant to article XXVI, section 1 of the Lease, Kaygreen was required to notify the Landlords on or before December 31, 2006, of its "election to exercise the right to purchase . . . and deposit with the [Landlords] an amount equal to two times the then annual rent." Additionally, the Lease stated that Kaygreen could not be "in default of the performance of any of the terms, covenants, conditions, provisions or agreements of this lease unless such default is not substantial and is cured within sixty (60) days from the date notice of the exercise of the option to purchase the Demised Premises is given" and that Kaygreen could not be in default on the date the Lease terminated.

Here, Kaygreen submitted a notice to exercise its option dated December 18, 2006, and a check for $100,000 payable to the Landlords, which was twice the amount of the rent as of December 2006, and demonstrated that it was not in default of its Lease obligations to maintain the property and to pay rent. In opposition, the Landlords failed to raise a triable issue of fact regarding the proper amount of the deposit (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The Landlords have not even asserted what amount Kaygreen should have deposited. Moreover, it is undisputed that as of December 31, 2006, the date Kaygreen was required to exercise the purchase option, the revised rent for the 1994-2008 term was still being litigated in a prior declaratory judgment action between the parties. The Landlords also did not submit admissible evidence to raise a triable issue of fact as to whether Kaygreen was in default under the Lease. Therefore, their claims that the list of conditions on the premises constituted defaults were unsupported and conclusory allegations which were insufficient to raise a triable issue of fact (*see Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574,

575 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576, 577 [2006]).

However, Kaygreen failed to satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law regarding specific performance of the option to purchase. A purchaser moving for summary judgment on a cause of action for specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform the contract (*see Tsabari v Haye*, 13 AD3d 360 [2004]; *Chavez v Eli Homes, Inc.*, 7 AD3d 657, 659 [2004]). This showing is required regardless of any alleged anticipatory breach by the defendant (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Dairo v Rockaway Blvd. Props., LLC*, 44 AD3d 602, 602 [2007]; *Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005]).

Kaygreen failed to demonstrate its financial capacity to purchase the premises. Kaygreen's contention that it could not make such a showing since the Landlords refused to participate in the appraisal process is unavailing. Kaygreen obtained its own appraisal of the premises in July 2009. Therefore, as distinguished from *Wells v Meader* (192 AD2d 827, 828-829 [1993]), the Landlords' conduct did not frustrate Kaygreen's ability to obtain an appraisal which it could have relied on to obtain financing. In the absence of evidence that Kaygreen had the financial ability to purchase the premises or that its attempt to secure financial backing was frustrated by the Landlords' conduct, the Supreme Court should have denied that branch of Kaygreen's cross motion which was for summary judgment on the causes of action for specific performance.

The Supreme Court properly granted Kaygreen's cross motion for summary judgment dismissing the Holdover Proceeding. Generally, a tenant's exercise of an option to purchase contained in a lease merges the landlord/tenant relationship into the vendor/vendee relationship serving to terminate the landlord-tenant relationship unless the parties intend otherwise (*see Fulgenzi v Rink*, 253 AD2d 846, 848 [1998]; *Barbarita v Shilling*, 111 AD2d 200, 201-202 [1985]; *Hadlick v DiGiantommaso*, 154 AD2d 338, 340 [1989]). Absent an exception pursuant to RPAPL 713 (9), which is not relevant here, a landlord may not maintain a summary holdover proceeding against a vendee in possession after the expiration of the lease (*see* 2 Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 20:28 [4th ed], citing *Bullock v Cutting*, 155 App Div 825, 830-831 [1913]). Kaygreen established its prima facie entitlement to judgment as a matter of law dismissing the Holdover Proceed-

ing by demonstrating that the landlord/tenant relationship had merged into the vendor/vendee relationship based upon the terms of the Lease. In opposition, the Landlords failed to raise a triable issue of fact (*see Fulgenzi v Rink,* 253 AD2d at 848; *Barbarita v Shilling,* 111 AD2d at 201-202; *Hadlick v DiGiant-ommaso,* 154 AD2d at 340). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur. 