MIKLOS P. PETERVARY, as Executor of NICHOLAS PETERVARY, Deceased, Respondent, v ALGIE BUBNIS et al., Appellants. [947 NYS2d 907]

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court's determination that the plaintiff was ready, willing, and able to perform the terms of the subject contract (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Weiss v Feldbrand*, 50 AD3d 673, 674 [2008]; *Djukanovic v D'Amico*, 40 AD3d 576, 576-577 [2007]; *Internet Homes, Inc. v Vitulli*, 8 AD3d 438, 439 [2004]; *Stawski v Epstein*, 67 AD2d 681, 682 [1979]) was warranted by the facts. Thus, we decline to disturb the Supreme Court's determination.

The defendants' remaining contention is without merit. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.