In an action for specific performance of a contract for the sale of real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated July 30, 2015, as, upon a decision of the same court (Schmidt, J.) dated April 17, 2015, granted the plaintiff’s cross motion for summary judgment on the complaint.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff’s cross motion for summary judgment on the complaint is denied.
 

 In a contract dated December 30, 2003, the defendant, Nicole Brittany, Ltd. (hereinafter NBL), agreed to sell real property located in Brooklyn to the plaintiff. The closing did not occur pursuant to the terms of the contract. In August 2007, the plaintiff commenced this action against NBL for specific performance of the contract of sale. Subsequently, NBL moved to dismiss the complaint, and the plaintiff cross-moved for summary judgment on the complaint in January 2015. In an order dated July 30, 2015, upon a decision dated April 17, 2015, the Supreme Court denied NBL’s motions to dismiss the complaint and granted the plaintiff’s cross motion for summary judgment on the complaint. NBL appeals from so much of the order as granted the plaintiff’s cross motion for summary judgment on the complaint.
 

 “To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law” (1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475 [2017]; see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484 [2006]; Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53 [2003]; E & D Group, LLC v Vialet, 134 AD3d 981 [2015]; Johnson v Phelan, 281 AD2d 394, 395 [2001]). In moving for summary judgment on a complaint seeking specific performance of a contract, the plaintiff purchaser must submit evidence demonstrating financial ability to purchase the property in order to demonstrate that it was ready, willing, and able to purchase such property (see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1010, 1015 [2010]). In the absence of such evidence, a plaintiff purchaser’s motion for summary judgment in its favor on a cause of action for specific performance should be denied due to the plaintiff purchaser’s failure to meet its initial burden (see id. at 1015; Ferrone v Tupper, 304 AD2d 524, 525 [2003]; Goller Place Corp. v Cacase, 251 AD2d 287, 288 [1998]; cf. Madison Equities, LLC v MZ Mgt. Corp., 17 AD3d 639, 640 [2005]). “When a purchaser submits no documentation or other proof to substantiate that it had the funds necessary to purchase the property, it cannot prove, as a matter of law, that it was ready, willing, and able to close” (Fridman v Kucher, 34 AD3d 726, 728 [2006]; see Internet Homes, Inc. v Vitulli, 8 AD3d 438, 439 [2004]; Johnson v Phelan, 281 AD2d at 395).
 

 Here, the plaintiff failed to establish, prima facie, that he was ready, willing, and able to purchase the subject property, since he did not submit any evidence demonstrating his financial ability to close the transaction (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 115 AD3d 829, 832 [2014]; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d at 1015; Dixon v Malouf, 70 AD3d 763, 764 [2010]). Contrary to the plaintiff’s contention, the issue of whether he demonstrated, through the submission of financial evidence, that he was ready, willing, and able to purchase the property is properly before this Court, as the plaintiff was required to submit such proof to meet his initial burden of establishing his prima facie entitlement to summary judgment directing specific performance of the contract of sale (see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d at 1015; Fridman v Kucher, 34 AD3d at 728; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Fairlane Fin. Corp. v Longspaugh, 144 AD3d 858, 859 [2016]).
 

 Accordingly, the Supreme Court should have denied the plaintiff’s cross motion for summary judgment on the complaint, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Dixon v Malouf, 70 AD3d at 764).
 

 In light of our determination, we need not reach NBL’s remaining contention.
 

 Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.