130 Third St. Loft, LLC v HKF, Inc. (2018 NY Slip Op 05810)





130 Third St. Loft, LLC v HKF, Inc.


2018 NY Slip Op 05810


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07032
 (Index No. 501237/14)

[*1]130 Third Street Loft, LLC, appellant, 
v
HKF, Inc., respondent.


Mischel & Horn, P.C., New York, NY (Scott T. Horn and Seddio & Associates, P.C. [Frank R. Seddio], of counsel), for appellant.
Catafago Fini LLP, New York, NY (Jacques Catafago of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 23, 2016. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and canceling the notice of pendency.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In a contract dated November 11, 2013, the defendant agreed to sell real property located in Brooklyn to a third-party purchaser. The contract included a time-of-the-essence-as-to-purchaser provision with a closing date not to extend beyond January 10, 2014. The parties subsequently agreed to extend the closing date to January 20, 2014. The third-party purchaser thereafter purportedly assigned its interest in the contract to the plaintiff. In a letter dated January 14, 2014, the defendant informed the plaintiff that because of a public holiday on January 20, 2014, it was extending the closing date to January 21, 2014, with time still being of the essence as to the purchaser. The plaintiff failed to appear at the closing, and, on January 29, 2014, the defendant informed the plaintiff that it was in default. In February 2014, the plaintiff commenced this action against the defendant seeking, inter alia, specific performance of the contract. Subsequently, the defendant moved for summary judgment dismissing the complaint and canceling the notice of pendency. In the order appealed from, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
On the defendant's motion, it had the burden of demonstrating its prima facie entitlement to judgment as a matter of law by showing that the plaintiff was not ready, willing, and able to close on the law date (see Point Holding, LLC v Crittenden, 119 AD3d 918, 919; Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904; Nehmadi v Davis, 63 AD3d 1125, 1128; Iannucci v 70 Wash. Partners, LLC, 51 AD3d 869, 872). Moreover, the defendant was required to demonstrate, prima facie, that the plaintiff was in default (see Point Holding, LLC v Crittenden, 119 AD3d at 919). The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff, regardless of whether the operative law date was January 20, 2014, or January 21, 2014, could not take legal title to real property because it had not been formed as a corporate entity (see JCL Props., LLC v Equity Land Developers, LLC, 102 AD3d 745) [*2]and had failed to secure funding that would have allowed it to close on either law date (see Sutphin Mgt. Corp. v REP 755 Real Estate, LLC, 73 AD3d 738, 741-742; Internet Homes, Inc. v Vitulli, 8 AD3d 438; Ferrone v Tupper, 304 AD2d 524). The defendant also established, prima facie, that the plaintiff was in default by demonstrating that the plaintiff did not appear at the closing on either date (see Pirzada v 159 Express St., LLC, 136 AD3d 778). In opposition, the plaintiff failed to raise a triable issue of fact (see Fridman v Kucher, 34 AD3d 726, 728).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint and canceling the notice of pendency.
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court