MB Shtetl 1 Corp. v Singh (2018 NY Slip Op 07422)





MB Shtetl 1 Corp. v Singh


2018 NY Slip Op 07422


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-04999
 (Index No. 2293/15)

[*1]MB Shtetl 1 Corp., respondent, 
v
Kashmir Singh, et al., appellants.


Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Dustin Bowman of counsel), for appellants.
Pinczewski & Shpelfogel, P.C., Brooklyn, NY (Mitchell B. Shpelfogel of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of two contracts for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 20, 2017. The order granted the plaintiff's motion for summary judgment on the complaint and directed a trial on the issue of damages.
ORDERED that the order dated April 20, 2017, is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is denied, and a subsequent order of the same court dated July 31, 2017, inter alia, directing the defendants to sell the properties to the plaintiff within 30 days of the order is vacated.
In November 2014, the plaintiff entered into two contracts, one with the defendant Kashmir Singh and the other with the defendant Narinder Kaur (hereinafter together the defendants) for the sale of two adjoining properties located in Brooklyn. The parties did not close at the time provided in the contracts. In a letter dated January 22, 2015, the plaintiff's attorney advised the defendants' attorney that the plaintiff was scheduling February 23, 2015, as the law day, with time being of the essence. In response, the defendants' attorney sent an email dated February 20, 2015, to the plaintiff's attorney stating that no sale of the properties would occur.
The plaintiff commenced this action, inter alia, for specific performance of the contracts, and thereafter moved for summary judgment on the complaint. By order dated April 20, 2017, the Supreme Court granted the plaintiff's motion and directed a trial on the issue of damages. The defendants appeal. Subsequently, in an order dated July 31, 2017, the Supreme Court, inter alia, directed the defendants to sell the properties to the plaintiff within 30 days of the order.
"To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475; see E & D Group, LLC v Vialet, 134 AD3d 981, 982-983). "In moving for summary judgment on a complaint seeking specific performance of a contract, the plaintiff purchaser must submit evidence demonstrating financial ability to purchase the property in order to demonstrate that it was ready, willing, and able to purchase such property" (Grunbaum v Nicole Brittany, Ltd., 153 AD3d 1384, [*2]1385; see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1010, 1015).
Here, the plaintiff failed to establish, prima facie, that it was ready, willing, and able to proceed with the sale on the initial closing date or on the subsequent law day (see Grunbaum v Nicole Brittany, Ltd., 153 AD3d at 1384; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d at 1015; Dixon v Malouf, 70 AD3d 763, 764; Tsabari v Haye, 13 AD3d 360, 360; Ferrone v Tupper, 304 AD2d 524, 525). The evidence submitted by the plaintiff failed to eliminate triable issues of fact as to whether it had the financial ability to purchase the subject properties. The affidavit of the plaintiff's purported shareholder, Steven Adelsberg, together with copies of bank statements for an account held by Adelsberg jointly with Renee Adelsberg, for the period of December 2014 through January 2015, were insufficient to demonstrate as a matter of law that Steven Adelsberg intended and was able to transfer the necessary funding to close on the law date. The parties' remaining contentions either are without merit or need not be reached in light of our determination. Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 533; Internet Homes, Inc. v Vitulli, 8 AD3d 438, 439; Madison Invs. v Cohoes Assoc., 176 AD2d 1021, 1022).
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court