O'Hanlon v Renwick (2018 NY Slip Op 08027)





O'Hanlon v Renwick


2018 NY Slip Op 08027


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-06293
2016-11434
2016-12354
 (Index No. 30409/16)

[*1]Troy O'Hanlon, respondent,
v
Alister Renwick, appellant.


Montalbano, Condon & Frank, P.C., New City, NY (Paul W. Valentine, Jr., of counsel), for appellant.
Savad Churgin, LLP, Nanuet, NY (Susan Cooper of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated May 4, 2016, (2) an order of the same court dated October 27, 2016, and (3) a judgment of the same court dated November 23, 2016. The order dated May 4, 2016, denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint. The order dated October 27, 2016, granted the plaintiff's motion for summary judgment on his first cause of action, for specific performance. The judgment, upon the order dated October 27, 2016, directed specific performance of the contract.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the plaintiff's motion for summary judgment on the first cause of action, for specific performance, is denied, and the order dated October 27, 2016, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The defendant owns a commercial property located in Suffern. On October 30, 2015, the plaintiff and the defendant signed a document acknowledging that the parties had entered into an agreement for the plaintiff to purchase the subject property (hereinafter the agreement). The agreement identified the property by a street address, and specified the purchase price, the payment terms, and that a cash deposit was paid. The plaintiff subsequently commenced this action seeking, inter alia, specific performance of the agreement. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint, asserting that the agreement was not sufficient to satisfy the statute of frauds. In an order dated May 4, 2016, the Supreme Court denied the motion, concluding that the agreement satisfied the statute of frauds. Thereafter, the plaintiff moved for summary judgment on the first cause of action, which was for specific performance. In an order dated October 27, 2016, the court granted the plaintiff's motion. In a judgment dated November 23, 2016, the court directed specific performance of the agreement. The defendant appeals.
The appeals from the orders must be dismissed because the right of direct appeal [*2]therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction, the facts as alleged within the four corners of the complaint must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference to determine whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88; Guggenheimer v Ginzburg, 43 NY2d 268, 275; Rovello v Orofino Realty Co., 40 NY2d 633, 634). To be enforceable, a contract for the sale of real property must be evidenced by a writing sufficient to satisfy the statute of frauds (see General Obligations Law § 5- 703[1]). To satisfy the statute of frauds, a writing evidencing a contract must identify the parties, describe the subject matter, be signed by the party to be charged, and state all of the essential terms of an agreement (see Piller v Marsam Realty 13th Ave., LLC, 136 AD3d 773, 773-774; Dahan v Weiss, 120 AD3d 540, 541; Matter of Licata, 76 AD3d 1076, 1077). Insofar as relevant to this case, the "essential terms" of a contract for the sale of real property include the price and terms of payment, as well as the description of the property to be sold (Nesbitt v Penalver, 40 AD3d 596, 598; see Sabetfard v Djavaheri Realty Corp., 18 AD3d 640, 641).
Contrary to the defendant's contention, the parties' anticipation of executing a more formal contract did not impair the effectiveness of the agreement, as the agreement embodied all of the essential terms (see 160 Chambers St. Realty Corp. v Register of City of N.Y., 226 AD2d 606, 607). "Only reasonable certainty, not absolute certainty, as to the terms of the agreement is required" (Matter of Licata, 76 AD3d at 1077; see Del Pozo v Impressive Homes, Inc., 95 AD3d 1268, 1271). Here, the essential terms of the contract were explicitly contained in the agreement, thus satisfying the requirements of the statute of frauds. The agreement is subscribed by the parties to be charged, identifies the parties to the transaction, describes the property to be sold with sufficient particularity, and states the purchase price, the down payment received, and how the purchase price was to be paid (see Simpson v 1147 Dean, LLC, 116 AD3d 835, 836). Additionally, while some terms, such as the closing date, the quality of title to be conveyed, and the risk of loss between the contract and the closing, are not included within the agreement, the remaining terms are clear and enforceable and, thus, the law will serve to fill in those missing provisions (see Omar v Rozen, 55 AD3d 705, 706; 160 Chambers St. Realty Corp. v Register of City of N.Y., 226 AD2d at 607). Thus, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
Notwithstanding the foregoing, the plaintiff did not meet his prima facie burden on his motion for summary judgment on his first cause of action, for specific performance. "To prevail on a cause of action for specific performance of a contract for the sale of real property, a . . . purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475; see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490; Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 61; Grunbaum v Nicole Brittany, Ltd., 153 AD3d 1384; E & D Group, LLC v Vialet, 134 AD3d 981, 982-983). In moving for summary judgment for specific performance of a contract for the sale of real property, the purchaser must submit evidence demonstrating financial ability to purchase the property in order to demonstrate that it was ready, willing, and able to purchase such property on the date of the scheduled closing (see Grunbaum v Nicole Brittany, Ltd., 153 AD3d at 1385; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1010, 1015).
Here, the plaintiff's submissions failed to demonstrate that he had the financial ability to consummate the sale of the property on January 25, 2016, the date which he had set for the closing in his time-is-of-the-essence letter to the defendant. The plaintiff's submissions highlighted, rather than eliminated, triable issues of fact as to whether he possessed the funds necessary to consummate the sale. In light of the foregoing, the plaintiff did not meet his prima facie burden on his motion, and thus, the motion should have been denied without regard to the sufficiency of the opposition papers (see Grunbaum v Nicole Brittany, Ltd., 153 AD3d at 1385; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.

2016-06293 DECISION & ORDER ON MOTION
2016-11434
2016-12354
Troy O'Hanlon, respondent,
v Alister Renwick, appellant.
(Index No. 30409/16)

Motion by the plaintiff on an appeal from (1) an order of the Supreme Court, Rockland County, dated May 4, 2016, (2) an order of the same court dated October 27, 2016, and (3) a judgment of the same court dated November 23, 2016, to strike the defendant's reply brief, inter alia, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated September 18, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that motion is denied.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court